[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED MARCH 19, 1997
The plaintiff's Motion for Summary Judgment is granted.
In this matter the Town of Seymour filed a lien against the real property interests of Frank and Donna Fitzpatrick when the Fitzpatricks applied for and received welfare benefits from the Town. The property interests of the Fitzpatricks consisted of a condominium unit in the plaintiff-condominium association. It is the claim of the Town that its lien rights are derived from Section 17b-125 C.G.S. which provides that when a welfare recipient owns an interest in real property it is subject to being liened by the municipality as security for potential reimbursement. Section 47-258. Lien for assessments. Chapter 828 Common Interest Ownership Act provides that the condominium association has a statutory lien on a unit for any assessment levied against the unit and (b) such a lien is prior to all other liens except (3) liens for real property taxes and othergovernmental assessments or charges against the unit (underlining mine).
This action of foreclosure is based upon the Fitzpatricks' failure to pay common charges assessed against their unit and is brought pursuant to the relevant provisions of the Common Interest Ownership Act. CT Page 2703
The defendant Town of Seymour by its answer and special defense of March 6, 1997 claims priority over the plaintiff's claims in this matter.
The plaintiff in moving for summary judgment claims that the Town of Seymour's rights if any arise not from a tax lien or charges against the unit but only from the welfare benefits paid and whatever lien rights that arise from such payments as provided by statute. It is the plaintiffs claim that the lien rights are not encompassed within subsection (3) and do not constitute "other governmental assessments or charges" and accordingly not entitled to priority over the plaintiffs claims.
The court accepts and adopts the plaintiffs rationale as set out in its memorandums accompanying the motion. The Common Interest Ownership Act established the rights and duties of the condominium association vis-a-vis the unit owners. The voluntary act of a unit owner in executing a right to lien his interest in the unit in exchange for receiving welfare benefits does not confer any benefit or advantage upon the association or its members. It does not appear reasonable to subordinate the association's rights and entitlement to a priority as provided by statute because of such a voluntary act on the part of a unit owner. There is no question that the interest of the unit owner may be liened as provided by statute but as is pointed out by counsel for the association the providing of welfare benefits to an individual unit owner is not the provision of services to the general membership or of the association itself such as is the case of municipal improvements which confer a benefit upon the association and general membership and for which a priority is established by the terms of Section 47-258 (b)(3).
Accordingly, the Motion for Summary Judgment is granted.
RIPLEY, J.